ABERNETHY & McCARLEY *v.* WATKINS & GILLILAND.

JERRY SEALE *v.* WATKINS & GILLILAND.

**Assignment for Creditors — When Void.**

> A general assignment for creditors containing a positive requirement that the assignee shall sell the choses in action and judgments at the expiration of seven months is void on its face.[1]

Abernethy & McCarley, merchants at Okolona, Mississippi, made a general assignment for the benefit of their creditors on the 5th of March, 1881, to Jerry Seale as assignee. Appellees, who were creditors of Abernethy & McCarley, sued out a writ of attachment against them, which was levied on the goods assigned to Seale. The assignment contained the following provision:

---

[1]

A general assignment for the benefit of creditors, with preferences, which provided that the assignee shall close up the trust within nine months from the time the assignment is made, "or earlier, as may be agreed upon by a majority of the preferred creditors," is void. Mobile Savings Bank et al. *v.* Murdock & Parchman, 1 Miss. Dec. 503, and cases cited in notes.

A general assignment by an insolvent of all his property, consisting largely of choses in action, with the requirement that if at the end of nine months there shall remain in the assignee's hands any uncollected notes and accounts, it shall be his duty to sell the same to the highest bidder for cash, on giving ten days' notice, is void. In such case the assignee is allowed no discretion, but is required, unconditionally, to sell the claims, whether good or bad, if not

"The said second party (the assignee) shall take possession of the property hereby assigned, and shall with all reasonable diligence sell and dispose of same at public or private sale, as he may deem most beneficial to the creditors, and shall with all reasonable diligence collect all debts; provided, that, in order to finally close up said trust by November 1, 1881, or sooner, he shall, after giving notice of the time and place of sale by advertising in some weekly paper published at Okolona, Mississippi, for three consecutive weeks, and by mailing a notice to each of the creditors of the assignors a copy of said notice ten days before the day of said sale, sell at public outcry all and singularly the property herein conveyed, including the choses in action and judgments that shall remain in his hands or in his possession and undisposed of or uncollected on the 10th day of October, 1881."

The defendants filed a plea in abatement, and from a judgment for the plaintiffs on the attachment issue and on the merits, the defendants appeal.

APPEALED from Circuit Court, Chickasaw county, second district, J. M. ARNOLD, Judge.

Affirmed, January 22, 1883.

*Attorney for appellants,* W. T. *Houston.*

*Attorneys for appellees,* McIntosh & *Williams.*

collected within nine months, and this time is not sufficient to enable him to collect them by legal proceedings. Richardson *v.* Stapleton, 60 Miss. 97.

But it is otherwise if adequate time is allowed for their collection by regular process. Twenty-two months, held adequate in this case, it not being shown that any debt assigned would require a longer period. Wickham *v.* Green, 61 Miss. 463.

A voluntary assignment for the benefit of creditors is not fraudulent on its face, because it directs the assignee to collect the choses in action as early as practicable and after twelve months sell at auction all that are uncollectible. Armitage *v.* Rector, 62 Miss. 600.

And an assignment to secure a particular creditor is not invalid because it authorizes the assignee to sell the property in the usual course of trade and "to collect or sell at public or private sale the notes and accounts assigned." Anderson *v.* Bachs. 59 Miss. 111.

Briefs of counsel were in such a decomposed state as not to be decipherable.

OPINION.—*Per curiam:*

The deed of assignment contains a positive requirement that the assignee shall sell the choses in action and judgments at the expiration of seven months. This made it void on its face, as held in the Stapleton case, recently decided.

*Affirmed.*